**FEDERAL PUBLIC DEFENDER**
NORTHERN DISTRICT OF CALIFORNIA
555 12TH STREET, SUITE 650
OAKLAND CALIFORNIA 94607-3627

**BARRY J. PORTMAN**
*Federal Public Defender*

Telephone (510) 637-3500
Fax (510) 637-3507

April 10, 2008

<u>VIA FACSIMILE (510) 637-3545</u>
Magistrate Judge Wayne D. Brazil
1301 Clay Street, Courtroom No. 4
Oakland, CA 94612
attn: Ivy Garcia

      **<u>United States v. Robert Thomas Doyle, CR 08-00021 CW</u>**
      **RE: Request to calendar matter on April 11, 2008 for reconsideration of bail**

Dear Judge Brazil :

      I am writing to ask that this matter be placed on Your Honor's calendar on Friday, April 11, 2008 at 10:00 a.m. for reconsideration of bail. Mr. Doyle has been clean and sober for almost two months now (since he went to the John George medical facility in mid-February.) In addition, while in custody Mr. Doyle has been participating in the DEUCE program and has not missed a class. Furthermore, Mr. Doyle was initially screened by mental health professionals at Santa Rita when he first arrived on February 14, 2008 and was prescribed medication in March, 2008 for mental health problems including paranoia and psychizophrenia. He has been taking the medication regularly. In meeting with Mr. Doyle recently, the changes in him are evident as his thinking is clear and focused and his demeanor is appropriate.

      In reviewing the detention order of the Court dated February 25, 2008, there are a couple of matters which I would like to clarify and add to the record. First, Mr. Doyle went to John George for emergency psychiatric care voluntarily and he stayed there because he wanted to get help. His presence at John George was "discovered" because his close friend called and notified me that Mr. Doyle had missed court because he was at the hospital getting treatment. I then notified the Court of this fact and the U.S. Marshals then arrested him there. The warrant already had been issued before the parties were aware that Mr. Doyle was at John George hospital, but the fact that he was there seeking mental health treatment is to his credit.

      I also take some responsibility for Mr. Doyle's perceived lack of cooperation regarding his mental health history. When we had initially spoken, we decided together that he would not discuss his mental health history and so that was my advice to him. At the time that he went to Newbridge to fill out the admission documents, he apparently called me for advice but I was out of the state and not able to respond to his questions and concerns. Then, after he was arrested from John George and brought before the Court on February 15, 2008, I was out of the country and again unavailable. The detention order indicates that there was a request by defense counsel that Mr. Doyle not be

Honorable Judge Wayne D. Brazil
Page 2
April 11, 2008

interviewed by a psychiatrist. Defense counsel was not aware that the Court wanted an assessment in assisting with its consideration of bail. Should the Court still believe that such an assessment would be helpful to its determination of bail, the defense asks that such an assessment be conducted and Mr. Doyle will cooperate fully and respond to any questions regarding his mental health history.

  Mr. Doyle is in a very different place now that he is clean and sober and on medication. He is focused on his criminal case and is assisting immensely in the investigation of his case and preparation of his defense. It is a case which is likely to go to trial. There are 34 counts and it will take some time to prepare the case for trial. It would be much easier and more effective in preparing the case if Mr. Doyle is out of custody. Mr. Doyle wants very much to assist with his defense and will do whatever it takes to be available. Counsel is confident that if Mr. Doyle were released to a half-way house he would comply with all of the conditions, including drug treatment counseling, mental health treatment and counseling and whatever other conditions the Court wishes to impose. Mr. Doyle was going to see whether his daughter or other relatives might be willing to sign on a bond as a surety.

  United States Pretrial Services Hence Williams has been notified of the request to put this matter on calendar for Friday, April 11, 2008 at 10:00 a.m. In addition, Assistant United States Attorney Thomas Moore is also aware that the matter will be put on calendar tomorrow.

          Sincerely,

          BARRY J. PORTMAN
          Federal Public Defender

           /S/

          JOYCE LEAVITT
          Assistant Federal Public Defender

cc:  Thomas Moore, AUSA
    Hence Williams, US Pretrial Services